## JAMES E. HOLT, USE, ETC. *v.* THOMAS P. BARTON.

1. ILLEGAL CONTRACTS: CONSIDERATION: EQUIPMENT OF MILITARY COMPANIES FOR CONFEDERATE SERVICE: CASE IN JUDGMENT.— B. donated ten bales of cotton to certain military companies to arm and equip them for the Confederate service. E. & Mc., as agents of the military companies, sold the cotton to H. for the purpose of raising money to arm and equip the companies: the purposes for which the cotton was donated and the money to be applied were known to H. H. brought an action against B., who had agreed to keep the cotton subject to the order of H., to recover its value. B. pleaded that the agreement was without consideration and illegal. *Held* — First, that there was a sufficient consideration for the promise of B. to deliver the cotton. Second, that the contract, as between the military companies and B., was illegal. Third, that the contract between H. and B. was a subsequent and distinct contract, unaffected by the illegal contract between B. and the military companies, founded on a new consideration, and was valid and binding.

2. ILLEGAL CONTRACTS: EQUIPMENT OF MILITARY COMPANIES.— An agreement to deliver cotton for the purpose of clothing and equipping military companies for the Confederate service, is illegal.

3. SAME.— To render a contract illegal, it must grow immediately out of, and be immediately connected with, the original illegal or immoral act, and not founded on a new consideration; a subsequent sale of the subject of an illegal act, after the original act is consummated, and a contract founded thereon, will be valid. 40 Miss. 559.

ERROR to the Circuit Court of Noxubee county. Hon. H. W. Foote, judge.

Action by plaintiff in error, for the use of L. Merchant & Co., against defendant, to recover the value of five bales of cotton. Plea of the general issue, with an agreement that any special matter of defence might be given in evidence under it.

On the trial it was shown, that defendant in error, in 1862, for the purpose of equipping and arming some military companies for the Confederate service, had donated ten bales of cotton. That the agents of the military companies sold the cotton to James E. Holt, who required the following receipt before he would purchase, and which the agents of the mili-

tary companies obtained from defendant, and delivered to plaintiff:

"Received, Macon, Miss., May 19th, 1862, from James E. Holt, two hundred and eighty-eight dollars, in full satisfaction for ten bales of cotton marked T. P. Barton, now under good shelter at my house, in the County of Noxubee and State of Mississippi, and which said ten bales of cotton I am to keep under good shelter, well elevated above the ground, until called for by said James E. Holt or his assigns, and am to deliver the same to him at the Macon station, in good order, and well-conditioned for shipment. I will keep it in the same order that I keep my own.

"T. P. BARTON."

That James E. Holt knew for what purpose the cotton was donated by defendant, and to what purposes the amount paid by him would be applied.

Five bales of the cotton were delivered in 1865, and defendant refused, after demand, to deliver any more.

Under the instructions of the court that the contract was illegal, the jury returned a verdict for the defendant.

A motion for a new trial was made and overruled, a bill of exceptions taken, and writ of error to this court.

*Jarnagin & Rives* for plaintiff in error.

1. The promise from Barton to Holt was not a mere gratuitous one. True, Barton received none of the money paid by Holt; but, upon the faith of Barton's promise, Holt parted with his money. So it was not a gratuity, but a consideration deemed valuable in law.

2. The gift from Barton to the military companies may be illegal, but the sale of the subject-matter of the gift is not therefore illegal. The two are separate, and founded on different considerations. The sale to Holt was unconnected with the illegal act, and founded on a new consideration. *Armstrong* v. *Toler,* 11 Wheat. 258; 6 Cond. 589; *Green* v. *Sizer,* 40 Miss.

*Israel Welch* and *E. Dismukes* for defendant in error.

1. That the promise of Barton was a mere gift, without consideration. The subsequent promise to deliver the cotton to Holt was equally without consideration. Chitty on Contracts, 51, 52.

2. That the contract was illegal. *Rose* v. *Himely*, 4 Cranch. 272; *Gelston* v. *Hoyt*, 3 Wheaton, 324.

PEYTON, J., delivered the opinion of the court.

This is an action of assumpsit brought by the plaintiff, to recover damages for breach of defendant's contract to deliver five bales of cotton at Macon station, on the Mobile and Ohio Railroad, in good order and condition for shipment, when demanded by the plaintiff.

To this action the defendant pleaded non assumpsit, and it was agreed between the parties that all lawful matters of defence may be given in evidence under this plea, as if the same had been specially pleaded.

The facts of this case are substantially as follows:

That the defendant, in the year 1862, gave ten bales of cotton to two military companies then being raised in Noxubee county for the Confederate service. The plaintiff bought the cotton from Edwards and McLelland, who were the agents of said companies, and took the receipt of the defendant for the sum of $288, the amount for which the cotton was sold. In said receipt, the defendant promised to deliver the cotton at said Macon station to the plaintiff when required to do so. Five bales of said cotton the defendant failed to deliver, and for this breach of contract the action was brought.

It is insisted by the counsel for the defendant, that there was no consideration for the defendant's promise to deliver the cotton to the plaintiff. This position cannot be maintained. He donated the cotton to these companies, whose agents sold it to the plaintiff to raise money to clothe and equip them, and the money paid for the cotton, as acknowledged by the defendant in his receipt, was a sufficient consideration for his promise to deliver the cotton according to his undertaking.

It is next insisted that the transaction between the military companies and the defendant was illegal, and that the plaintiff

participated in that illegal transaction; and therefore the promise of the defendant cannot be made the foundation of an action on the part of the plaintiff for the recovery of damages for breach of it.

It will be readily admitted, that the agents of these military companies could not recover damages from the defendant for breach of contract to deliver the cotton for the purpose of clothing and equipping said military companies, for the reason that the agreement was illegal. *Ex turpi contractu non oritur actio*, is a revered maxim of the law, to which courts closely adhere.

This case, however, does not fall within this principle, because the plaintiff was not a party to the illegal contract between said military companies and the defendant. After the cotton was donated to these companies, the plaintiff bought it from their agent. This was a subsequent and distinct contract, unaffected by the original transaction between the defendant and said companies. It was wholly disconnected from the illegal act, and founded on a new and and independent consideration, and may be enforced, though the illegal original transaction was known to the plaintiff at the time that he bought the cotton. Thus it has been held, that if one should become answerable for expenses on account of a prosecution for the illegal importation of goods, or should advance money to defray the expenses, these acts would constitute a new contract, founded upon a new consideration, unless such agreement were made prior to the illegal importation, and forming a part of the consideration thereof. This proceeds upon the ground that the new contract is not founded upon an illegality.

The principle of law governing such cases is, that where the new contract was disconnected with the original unlawful act, and was founded on a new and distinct consideration, an action might be maintained upon it, although it could not be maintained upon a contract directly arising out of the illegal act. To hold otherwise, would put a most inconvenient restraint upon trade, and the whole business of life. 1 Chitty on Contracts, 564; *Armstrong* v. *Toler*, 11 Wheaton, 258.

This doctrine is fully recognized by this court in the case of *Green* v. *Sizer*, where the court says, that in order to render such a contract illegal, it must grow immediately out of, and be immediately connected with, the original illegal or immoral act, and not founded on a new consideration; and that a subsequent sale of the subject of the illegal act after the original act is consummated, and a contract founded thereon, will be valid. 40 Miss. 559.

The case at bar comes fully within these principles. The contract sued on was founded on a new consideration, not connected with the original illegal act, and between new parties. The plaintiff merely contracted for the subject of the illegal act, for a valuable consideration, and in the course of his lawful business, without any connection on his part with the original illegal transaction.

We think the verdict is contrary to law, and that the court below erred in overruling the motion for a new trial.

The judgment will be reversed, the verdict set aside, and cause remanded for a new trial.